UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GLEN WOODS | CIVIL ACTION NO. 06-935 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| BANKS , ET AL | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a Motion to Remand, **Doc. #21,** by the State of Louisiana (the State) referred to me for Report and Recommendation. This is a suit for damages as the result of a slip and fall accident at the Olla, Louisiana post office. Plaintiff sued owners of the post office building which was leased to the Federal government, Mr. and Mrs. Banks. He also sued the State, alleging that the State, through a contract with the post office, agreed that the Columbia Developmental Center[1] would provide maintenance for the facility. The Banks in turn sued the United States, which operated the post office, and the United States filed a third party demand against the State.

This Motion to Remand is filed by the State which asserts the defense of 11th Amendment immunity. It claims that it cannot be sued in this case in federal court and can only be sued in a Louisiana

---

[1] Formerly Columbia State School. La. R. S. 28:22.8. Columbia Developmental Center is a developmental center providing living options and mental retardation services and developmental disabilities services pursuant to state statute. La. R.R. 28: 384

court. The United States, third party defendant and third party plaintiff against the State, asserts that it cannot be sued anywhere but in federal court.

## Analysis

In this case, the court is called upon to balance the competing interests of the United States, which cannot be sued in state court, and the State, which asserts it cannot be sued in federal court.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

Louisiana law provides that "[n]o suit against the state or a State agency or political subdivision shall be instituted in any court other than a Louisiana court." La. R.S. 13:5106. In this case Congress has not abrogated 11th Amendment immunity nor has the State waived it.

However, in order to determine whether plaintiff's claims against the State should be remanded, we must first determine whether this is really a suit against the State, or whether it is a suit against a political subdivision where the State is not the real party in interest. "When determining whether a state agency or instrumentality may invoke the state's immunity as an arm of the state, courts must review the relationship between the state and

2

the entity in question, examining the essential nature of the proceeding, the nature of the entity created by state law, and whether a money judgment against the instrumentality would be enforceable against the state." Southwestern Bell v. City of El Paso, 243 F.3d 936, 938 (5th Cir. 2001). The Fifth Circuit has stated that this arm-of-the-state analysis requires the examination of "the powers, characteristics and relationships created by state law in order to determine whether [a] suit is in reality against the state itself." Id. A variety of factors must be examined:

(1) whether the state statutes and case law characterize the agency as an arm of the state;
(2) the source of the funds for the entity;
(3) the degree of local autonomy the entity enjoys;
(4) whether the entity is concerned primarily with local, as opposed to state-wide problems;
(5) whether the entity has authority to sue and be sued in its own name; [and]
(6) whether the entity has the right to hold and use property.

See Richardson v. S. Univ., 118 F.3d 450, 452 (5th Cir. 1997).

An entity is not an arm of the state for Eleventh Amendment purposes simply because it is a creature of state law and a political subdivision of a state. Such conclusion would entirely obviate the arm-of-the-state analysis because every entity claiming Eleventh Amendment immunity is a "creature" of some state law. Moreover, political subdivisions of states are generally not entitled to Eleventh Amendment immunity. Id.

The State statutes do characterize the agency as an arm of the State. La. R. S. 28: 382, 385. On the other hand, the Columbia

Developmental Center may well be concerned primarily with local, as opposed to statewide problems. This is evidenced by the state statutes providing for regionalization of such centers. La. R. S. 28:384. However, its funding, local autonomy or rights to hold property or sue is not evident in the state statutes and instead would likely be provided by regulation of the Louisiana Department of Health and Human Resources, as provided by the enabling statutes. La. R. S. 28: 382A.

With that jurisprudential framework in mind, a hearing was convened on October 5, 2006, Doc. #36, and the State (as well as other parties) was given an additional 30 days within which to conduct discovery or file affidavits with regard to Columbia Developmental Center's status as an arm of the State, or not. Since that time, nothing has been filed in the record nor has the State, through counsel, advised the court of its findings. The burden is on the State to prove entitlement to Eleventh Amendment immunity. In addition, in this case, the State is in a unique position to know in which manner authorized by state statute, the Columbia Developmental Center in organized and its specific status and authority. As is clear from the 5th Circuit's pronouncements, political subdivisions of the State are generally not entitled to immunity. Here, the statutes creating and governing the Columbia Developmental Center specifically authorize the State to turn the

Center over to local or private authority.[2] The State has failed to provide any assistance at all to the court in applying the factors which the 5th Circuit requires be considered in determining whether an agency is, in reality, the State. Any regulations promulgated by the State have not been submitted to the court or even referenced by citation. Thus the State has failed in its burden to prove entitlement to Eleventh Amendment immunity[3] and thus has failed to prove entitlement to remand.

Finally, the claims by the United States against the State should remain in federal court for a different reason. "While the Eleventh Amendment bars suits by individuals against a state, the Supreme Court has long recognized that, '[i]n ratifying the Constitution, the States consented to suits brought by other States or by the Federal Government.' Alden v. Maine, 527 U.S. 706, 755-56, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) (citing Principality of Monaco v. Mississippi, 292 U.S. 313, 329, 54 S.Ct. 745, 78 L.Ed. 1282 (1934)). Accordingly, 'States retain no sovereign immunity as against the Federal Government.' West Virginia v. United States, 479 U.S. 305, 312 n. 4, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987)." U.S. v. Mississippi Dept. of Public Safety, 321 F.3d 495, 498 (5th Cir. 2003).

---

[2] La. R.S. 28: 382, 385.

[3] Skelton v. Camp, 234 F.3d 292, *297 (5th Cir. 2000).

5

Had the State proven that a suit against the Columbia Developmental Center is, in reality, a suit against the State, the court would have remanded the plaintiff's claims against the State. Abstention to avoid piecemeal litigation would have been impossible here because the United States is a party and its claims against the State must remain in Federal court. However, the State has not shown that Columbia Developmental Center is one and the same as the State and thus all claims should remain in this court.

For the foregoing reasons, IT IS RECOMMENDED that the Motion to Remand, Document #21 be DENIED.

### **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING**

**ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

E-signed and filed at Alexandria, Louisiana this 14th day of November, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE